The fourth district appellate court of the state of Illinois has reconvened. The honorable Thomas M. Harris presiding. Good morning, counsel. This is case number 4-24-0552. Not sure of the pronunciation. Randy Kirichkow v. Joseph Bruscato. Counsel, if we could have appearances first. First for the appellant. Thank you, your honor. Christopher Turner from the Assistant Attorney General for Defendant Appellant Joseph Bruscato. Okay, thank you. I'm sorry, Brad Skafish on behalf of the appellate. Mr. Kirichkow. Okay, all right. Thank you, Mr. Turner. You may proceed. Thank you, your honor. Good morning, counsel, your honors. May it please the court. I'm Christopher Turner, the Assistant Attorney General representing the defendant Appellant Joseph Bruscato. This court should answer the certified question no because Illinois and federal authority agree that a prosecutor's decision to prosecute a defendant, even if done so solely for malicious reasons, is an act within the scope of his prosecutorial duties for purposes of absolute prosecutorial immunity. This is an interlocutory Rule 308 appeal for the purpose of answering the certified question of law that arose from the circuit court's order denying defendants a summary judgment motion against the plaintiff's malicious prosecution claim. Plaintiff, former mayor Randy Kirichkow, had sued the defendant Bruscato for malicious prosecution. He's the former Winnebago County State's attorney. Kirichkow alleged Bruscato had used his office to obtain an indictment from the grand jury and then prosecute him for obstruction of justice and official misconduct solely for his own personal and political reasons and without probable cause. The criminal prosecution arose from a violent police incident back in 2008 involving two other police officers and a woman who was in police custody and with regard to Kirichkow later 2010 city council meeting regarding a lawsuit regarding that 2008 incident. The state's attorney's office had referred the entire matter to the Illinois State Police for investigation. They conducted an investigation then after they concluded that investigation the state's attorney's office evaluated the evidence and sought indictments against both the police officers who involved in that 2008 incident and against Kirichkow with regard to him charging him with the obstruction of justice and official misconduct charges for allegedly concealing evidence but not only showing a portion of the video and not the complete video of the 2008 incident at the 2010 city council meeting. Bruscato moved for summary judgment based on a variety of offenses including the doctrine of prosecutorial immunity. The circuit court denied summary judgment as to that to as to the immunity defense based on Kirichkow's sole argument that a criminal prosecution based solely on malicious reasons was outside of a prosecutorial prosecutor's duties and so was not immune subject to immunity and that there was a factual dispute as regard to the prosecution whether it was solely for malicious reasons. After denying Bruscato's motion for reconsideration of that order the circuit court found that certifying a legal question for appeal was appropriate explaining that quote the plaintiff has argued and this court is held that a prosecution based solely upon the prosecutor's malicious reasons is an action outside of the scope of the defendant's authority and therefore not immunized end quote. This court should answer the certified question no because under Illinois authority a prosecutor's decision to prosecute a defendant is an act within the scope of his prosecutorial duties for purposes of immunity even when that decision to prosecute was made solely for malicious reasons. Under the doctrine prosecutors are absolutely immune from civil liability for alleged misconduct when acting within the scope of their prosecutorial duties and to determine whether the alleged misconduct is within the scope of his prosecutorial duties this court has adopted the United States Supreme Court's functional approach laid out in opinions like Imbler v. Pacman and Buckley v. Fitzsimmons. That approach analyzes the nature of the functions that the defendant allegedly performed when engaging in the tortious misconduct. Immunity applies to all alleged acts that are intimately associated with the judicial phase of the criminal process without regard to whether those alleged acts were unlawful or were harmful. The Supreme Court explained that immunity includes all acts in preparing to initiate judicial proceedings including grand jury proceedings and other pre-trial proceedings and of course criminal trial. The Supreme Court's explained that prosecutors are immune for the preparation to make the decisions related to the judicial process including whether and when to prosecute and whether to dismiss an indictment and both the evaluation of the evidence and the preparation for its presentation at the grand jury or a trial. Based upon this authority Illinois courts have repeatedly held that the decision to prosecute a criminal defendant whether to seek an indictment or to later continue the prosecution is an act intimately involved associated with the judicial phase for which prosecutors are immune. This was true in the Frank v. Garnotti case that we cite to where the state's attorney's decision to prosecute a plaintiff for kidnapping was protected by immunity even though it was allegedly solely for malicious motives related to a personal vendetta and dispute between the state's attorney and that criminal defendant. It wasn't true in the attorney's decision to continue a prosecution and not dismiss the indictment despite a total lack of probable cause or any evidence in support of it and most recently it was true in the bow's decision which we cite to which addressed an action by an arrestee that we similarly asserted malicious prosecution claims against both a former state's attorney and the current state's attorney alleging that they had charged him and continued to prosecute him for a murder for over five years for solely malicious political motives and without probable cause. The court affirmed the dismissal of both of those state's attorney defendants rejecting this exact same argument here finding that a prosecutor's motives are irrelevant to determining whether immunity applied. The court held that the state's attorney's evaluations of the evidence their decisions to prosecute their decisions not to dismiss the indictment later and the presentation of evidence to the court were all quote quintessential functions of the judicial process end quote are protected by absolute immunity. Kirchgau has identified no authority holding their prosecutors allegedly malicious motive is relevant at all in determining whether a decision to initiate or continue a prosecution is an act outside of the scope of his prosecutorial duties. Looking at the prosecutor's alleged motive for the claimant's conduct would contradict the very nature and very purpose of the functional approach which looks to the nature of the functions performed and not to the lawfulness or the harm caused by the conduct or to the motive involved and none of Kirchgau cited authority including Supreme Court Justices Sotomayor's statement regarding the court's denial of a certiorari in the Price v. Montgomery County case suggested otherwise. None of them looked to whether or not the motive look at look to the motive to determine whether the alleged misconduct was immune or non-immune. Indeed a defendant's malicious motive for prosecution is a necessary element of a malicious prosecution claim and so if proof of the prosecutor's malicious motive rendered the alleged misconduct outside of immunity then prosecutorial immunity would never apply to any malicious prosecution claim as long as they had raised a reasonable you know a reasonable factual dispute to that to that element but this court and the federal courts have each repeatedly applied immunity to such malicious prosecution claims whether the Frank v. Garnotti case the more recently the Bowd case the federal courts did in cases like Jones v. Cummings and Spiegel v. Rabinowitz all of which we cite to in our briefs. Instead Kirchgau cites the Buckley decision for the general principle that immunity does not apply to a prosecutor's performance of investigative functions that are usually performed by the police but neither Buckley nor any other cited authority suggests that the prosecutor's alleged malicious motive was relevant to determining if that if the alleged misconduct was associated with the judicial phase of the criminal process. In each of those cases it was the nature of the alleged misconduct in Buckley it was the alleged fabrication of evidence during the police investigation there they created they had created allegedly created a false footprint that then was used in order to both obtain the charges the indictments against the criminal defendant and then to try them during and there was the nature of that actions before man fabricating evidence similarly in the Bianchi v. McQueen case from the second district found that immunity did not apply it was the fabrication of evidence here we have no such allegation of any kind of such conduct during the police investigation or otherwise rather consistent with Kirchgau's argument and the circuit court's summary judgment decision the certified question addresses whether a prosecutor's decision to prosecute for solely malicious reasons is an act within his prosecutorial duties and as Illinois court authority recognizes those decisions whether to charge the defendant to seek an indictment as was done here from the grand jury or to continue then to prosecute the defendant were all quintessential functions of the judicial process for which the prosecutor is immune so unless the court has any questions i will reserve the remainder of my argument for rebuttal okay you'll have that time and rebuttal mr scoffish you may proceed with your argument thank you thank you counsel justices may please the court at the outset the court should decline to even answer the certified questions uh the certified question that was put before this court here there was a threat to have mr arrested if he did not bend to the will of the police department uh prior to there being an arrest prior to there being any prosecution uh prior to the years of prosecution all of which happened with no probable cause and all of which was intertwined you cannot separate all of those acts because they're part of one long course of conduct we cite the raza volgi case uh for the proposition that if the ultimate disposition of the certified question is not strictly legal and includes factual issues relevant to the question the court should refrain from answering it uh it further recited the voss and kincaid cases for the the idea that appeals can be dismissed as uh improvidently granted in the first place if answering the question won't materially advance the litigation that's the situation we have here even if the court were to say uh we do believe that a solely malicious prosecution can be within the scope it doesn't answer the question of whether all of the actions taken by perscotto were within the scope because of the distinction that the council has already referenced that the uh functional approach did these actions take place during the judicial phase or did they take place during the investigative phase and there are actions that are alleged here that are clearly from the investigative phase or certainly before there was anything that could be described as a judicial phase when the the actions alleged uh quoted within our briefs include threats to have him arrested if he didn't do what the uh what mr riscotto and ms sasnowski wanted him to do we do cite to the buckley case uh and what's important there is that that evidence of the bootprint was fabricated during what the court found to be the investigative phase it was before there was any probable cause to arrest or initiate a prosecution certainly that would be the case at a bare minimum to the actions that were alleged against mr bruscato at the time that he was threatening arrest uh well prior to there being anything that could be even argued to be probable cause uh i think the the holding of the buckley court is very much on point where it says a prosecutor can't consider himself to be an advocate before he has pro proximate cause to arrest anyone i think that's exactly the scenario that we have here um it's a question of whether bruscato could be found to be acting in the scope of his duties at all relevant times because that can't be answered without delving into the factual questions it would not advance the litigation the court shouldn't answer the question uh want to touch on a couple other that come out in the uh appellant's brief they improperly contest the proprietary uh or the propriety of underlying orders uh in the brief they're essentially trying to reverse the summary judgment denial without coming out and saying so by attacking the ruling as being uh application of the wrong analysis or saying that the court mistakenly held the thompson case which we cited the court task on an interlocutory appeal is just to answer the certified question not to rule on the propriety of the underlying order we believe that the fact that bruscato feels he needs to make those arguments attacking the court's underlying ruling show that the the certified question isn't strictly a legal proposition and does depend on the underlying fact issues the bows case which was cited by uh council and in fact was a case that my my office worked on isn't applicable because it happened at a different stage it involves different facts that that case was decided at the motion to dismiss case uh fact of phase of the case there had been no factual development uh and in that case the court's ruling that the prosecutor's motives were irrelevant when they were associated with the judicial phase of the case is that's the whole problem here we can't say in this case that the uh the actions of the prosecutor that are at issue all happened in the judicial phase that can't be said again because it's been specifically alleged that that there are portions of what he did that are actionable that happened well before there was any judicial phase to to be a part of now beyond that if the court does decide that it wants to answer the certified question the answer should be yes uh in other words that solely malicious motives are outside the scope of the prosecutor's duties answering no would give prosecutors carte blanche to prosecute anyone for any reason uh the findings of the circuit were very much on point uh and very common sense when they stated that a prosecution based solely on malicious reasons is not within the scope of a prosecutor's duties or put another way an unbridled right to prosecute political foes solely for political advantage cannot possibly be within a prosecutor's job description i think those are things that anybody in a free and a prosecutor's duties then the malicious prosecution cause of action itself is meaningless we did cite to several cases that show that there are limitations even in the judicial phase the fabiano case talks about malice being an element of malicious prosecution and says that it's show shown by demonstrating the prosecutor was actuated by improper motives again if that if showing that was always protected by immunity then how could there ever be a cause of action for malicious prosecution uh the rogers case stated that a trier fact may infer malice from a lack of probable cause if there's no evidence to refute again that that must come to be in the judicial phase if there's a trier of fact and yet there the rogers court is putting a limitation on the prosecutor's uh right to to claim this immunity uh we also cited to the uh the u.s supreme court price sotomayor concurrence and i understand that is not binding authority but we still think it's informative and very instructive here uh where the supreme court acknowledged that there have to be limits to prosecutor prosecutorial uh immunity in that case the uh evidence suggested that there were exculpatory letters and that instead of turning them over the prosecutor instructed the witness to destroy those letters and justice sotomayor wrote it's difficult to see how the conduct alleged requires legal knowledge and the exercise of related discretion or is intimately associated with the judicial phase of the criminal process clearly the this conduct that occurred during the judicial phase and the u.s supreme court is saying at some point there absolutely has to be a limit telling a witness to destroy evidence so that it can't be used can't possibly be something that we could say we're okay with that being part of the duties of a prosecutor therefore the question itself has to be answered yes that actions that are solely based on malicious motives have to be outside of the scope uh there are limitations uh so again to you know i i appreciate uh counsel's brevity i've tried to keep things short we don't think the court should answer the question we think that the brief goes beyond what's appropriate for uh the a certified question analysis the bows case does not apply and if the court does feel that it needs to answer the question the answer should be yes there are limits on uh what a prosecutor can do even during the judicial phase which this was not limited to so the court should find that solely malicious prosecution is outside the scope and with that i will see the rest of my time unless the panel has questions for me all right i don't see any questions thank you mr skyfish thank you mr turner rebuttal argument you're muted sir thank you your honor um first going to the points regarding the certified question which defines the scope of this appeal um council cites two cases for the elements improving a malicious prosecution claim not for any element any of the analysis or findings in applying prosecutorial immunity the only one that discusses it all was that was the statement by uh supreme court justice sotomayor which did not suggest in any way that the prosecutor's malicious motive in that case was relevant to deciding whether or not um the alleged misconduct fell within immunity or was immunized it was actually the nature again going more closely to the analysis the functional approach and whether or not uh this particular conduct in that case which was knowingly violating the the trial court's order to um to destroy to ask to sorry to instruct the witness to do it evidence um what council primarily argues is that this court should not answer the certified question at all and tries to avoid it and asking to dismiss the appeal but the certified question is a proper legal question about the scope of a proper legal defense prosecutorial immunity and answering that question does not depend upon the resolution of any factual issues furthermore answering that question would materially advance this case because well it was the basis of the circuit it was explicitly the basic basis of the circuit court's denial summary judgment of the summary judgment on this defense based solely on the legal holding that is directly addressed by this question the decision to whether the decision to prosecute solely for malicious reasons is subject to immunity um carriage cow so therefore that and that's obviously the reason that we reference it in our opening brief is that it it demonstrates that it would that answering the question will materially advance this case um that the fact that carriage cow is not raised try to raise other factual issues which were never raised below in response to this um and arguments that were never raised below in response to either the summary judgment motion or in response to the certified question um does not provide a basis now for this court to not answer the certified question or dismiss this appeal in fact that distinguishes this case from the cases to which uh carriage cow cites the rule 308 cases like kinkade where it dismissed the appeal because there was an alternative basis for the for the ruling below as the certified question came from a motion to dismiss on the statute of limitations and the circuit court based on the party's arguments had actually given two alternative bases um only one of them which was addressed by the certified question likewise the supreme court case did not have an issue where you had an issue that the uh a new issue wholly raised by the um by the by the appellees with regard to the certified question instead you had essentially a long series of certified questions um which again were all either litigated below or were issues that were freshly raised by the appellant not the appellee um instead this case is less more like the razavi case to which to which we cite the rule 308 where they try to raise a new argument that they never raised below in the trial court and therefore it's forfeited though more fundamentally is now is it forfeited it is it does not provide a basis for not answering a certified question because instead it just tries to inject new factual issues which are not within the scope of the 308 appeal indeed the fact that there might be factual questions and we don't agree that there are any remaining factual questions uh we're not trying to provide a basis to dismiss the appeal because that was in all the cases we cite to razavi uh the in re estate of cold water all those cases still answer to the certified question they're recognizing when they decide on the defense whether it was the statute of limitations defense or other defenses that still as counsel argues the court on appeal is not deciding the final decision in the case all they're doing is answering a certified question and there would could still be factual issues in applying that certified question to the case below um therefore unless this court has any reason any further questions for for me uh for the reasons stated in our our briefs we ask that the court answer the certified question no okay thank you counsel uh we appreciate the arguments uh the court will take the matter under advisement and will issue a written decision